UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq.
Ciccarelli Law, PC
47 Park Ave., Suite 304
West Orange, NJ 07052
Phone: (973) 737-9060
Fax: (973) 619-0023

In Re:

Glenn C. Smith

Debtor.

Case No.:     19-12573

Judge:     Stacey L. Meisel

Chapter:     13

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by _____, creditor,

    A hearing has been scheduled for _____, at _____.

    ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

    A hearing has been scheduled for _____, at _____.

    ☒ Certification of Default filed by ____Chapter 13 Standing Trustee____,

    I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

    ☐ Payments have been made in the amount of $ _____, but have not been accounted for. Documentation in support is attached.

☐  Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☒  Other **(explain your answer)**:
On February 20, 2020, my wife and I were offered a loan modification agreement with the lender, Shellpoint. On March 3, 2020, we executed the loan modification. A copy of which is annexed hereto as Exhibit A. I subsequently filed a Motion to Approve the Loan Modification, at docket #51, which is scheduled for March 25, 2020

3.  This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4.  I certify under penalty of perjury that the above is true.

Date: March 17, 2020

_____
Debtor's Signature

Date: _____

_____
Debtor's Signature

**NOTES:**

1.  Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2.  Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

# EXHIBIT A

Upon recording return to:
Shellpoint Mortgage Servicing
75 Beattie Place Suite 300 (MS 157)
Greenville, SC 29601
Loan Number: ᵒᵒ,ᵒᵒᵒ,ᵒ.ᵒ

_____[Space Above This Line For Recording Data]_____

## MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), dated 2/20/2020 between ANTONIA SMITH and GLENN C SMITH ("Borrower"), and NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated : 2006-07-21 and recorded in Book or Liber 20581 at page(s) 1375, of the Recorder of Morris County, State of New Jersey and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 20 FERNDALE DR , PARSIPPANY, NJ 07054.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 2/1/2020, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $320,756.45, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. The Maturity date is 1/1/2060.

2. Interest at the rate of 3.875% will begin to accrue on the New Principal Balance as of 1/1/2020 and the first new monthly payment on the New Principal Balance will be due on 2/1/2020. My payment schedule for the modified Loan is as follows:

| Number of Monthly Payments | Interest Rate | Interest Rate Change Date | Montly Principal and Interest Payment Amount | Estimated Montly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 480 | 3.875% | 1/1/2020 | $1,315.74 | $868.25, may adjust periodically | $2,183.99 | 2/1/2020 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

Loan Number:
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179     1/01 (rev. 4/14) *(page 1)*

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or

    servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

(g)  Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

(h)  I/We, ANTONIA SMITH and GLENN C SMITH, received a discharge in a bankruptcy proceeding after signing the Note and Mortgage/Deed of Trust. I and the Lender acknowledge and agree that this Agreement is not an attempt to collect, recover, enforce, or offset this indebtedness against me personally, does not affect the discharge of my personal liability, and shall not be construed as a waiver of the discharge or an attempt to revive personal liability for this indebtedness. I understand that I am not obligated to enter into this Agreement and that I am entering into this Agreement voluntarily and with no coercion or pressure from the Lender, for the sole purpose of retaining the Property. I and the Lender acknowledge and agree that the Mortgage/Deed of Trust is an enforceable lien on the Property, that this Agreement shall not prejudice the lien in any way, and that the Lender's sole recourse is the enforcement of its lien on the Property and any action which may exist in relation to the Property itself.

Space Below this Line for Individual Acknowledgement

_Antonia Smith_ (Seal)  3-2-2020 (Date)
ANTONIA SMITH

_Glenn Smith_ (Seal)  3-2-2020 (Date)
GLENN C SMITH

Signed, acknowledged and delivered in the presence of:

Witness _Monea Colaner_ (Seal)
Witness _Jenee R Ceeaawell_ (Seal)

State of _New Jersey_
County of _Essex_

I certify that the following person(s) _Antonia Smith_ and _Glenn C. Smith_ personally appeared before me this _2nd_ day of _March_, 20_20_ and [ ] I have personal knowledge of the identity of the principal(s), [ ] I have seen satisfactory evidence of the principal's identity, by a current state or federal identification evidence of the principal's identity photograph in the form of a _NJ driver's license_ or [ ] credible witness has sworn to the identity of the principal(s); each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Witness my hand and official seal, this _2nd_ day of _March_, 20_20_
Notary Signature _Nyrva R, notary_ (Seal)
Witness _Jenee R Ceeaawell_ (Seal)
Typed/Printed Name: _Nyrva Redmond_ (Official Seal)
Notary Public, State of: _New Jersey_
(VA Notaries) Reg. No.: _____
My Commission Expires: _11/19/2024_

```
NYRVA REDMOND
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 11/19/2024
```

Loan Number:
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179    1/01 (rev. 4/14) (page 4)